**GLORIA DU BOYCE and PASQUALE ONOFRIO,**
Plaintiffs

v.

**KRUGER & BIRCH and N. O. WELLS,**
Defendants

Civil No. 96 - 1956
District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

November 29, 1956

*Same case on appeal, see p. 597, this volume*

MOORE, *Judge*

This case came on for trial on November 29, 1956. This date was heretofore set at the beginning of the No-

vember term at the call of the docket held on November 8, 1956. The plaintiffs did not appear today on this date set for trial, and no preparation was made for trial. Attorney Croxton Williams appeared today to ask for a continuance for the plaintiffs, and stated that he saw the plaintiffs only last night, and was appearing especially for the purpose only of asking for a continuance. He refused to file any general appearance to represent the plaintiffs further, only to ask for a continuance. The defendants appeared and answered, ready for trial, and moved to dismiss the action. This court denied the plaintiffs' motion for continuance, and granted defendants' motion to dismiss, with a condition allowing reinstatement of plaintiffs' case on or before January 15, 1957, provided general counsel is obtained on or before that date, otherwise not.

On two previous occasions, attorneys have specifically appeared for these plaintiffs, only to ask continuances, but in each case have specified that they were not appearing generally, and after obtaining the continuances the plaintiffs have not gone forward in any legal manner or obtained counsel.

A statement of the background of this motion to dismiss, as well as the litigation itself, is necessary. The complaint herein was filed by the plaintiffs without an attorney on May 19, 1956. This matter was finally called on the November docket, November 8, 1956, to be set for trial. Prior to that date, this Court had, on at least a score of occasions, urged these plaintiffs to secure legal counsel, and pointed out to them the necessity to do so, but they have steadfastly refused to do so, insisting that plaintiff Gloria Du Boyce has some connection with the Attorney General's Office and the Federal Bureau of Investigation, and intimating that the Attorney General is watching over her litigation so closely that no adverse ruling can be made against them,

and they therefore need no other legal representation, as all of their papers are sent to the Attorney General.

On May 29, 1956, plaintiff Du Boyce filed with this court a paper, which reads in part, "As all of you have knowledge of the factor involved. Proceed with full speed to disbar A. A. Christian, Birch, not Maduro, Maas and Bailey." and "Because as soon as I finish my civil suits against the above-named, *I am turning over my complete files less the ones stolen off the Judge's bench to Attorney General Brownell for criminal prosecution.*" (Italics ours.)

Then, on June 18, 1956, while this case, as well as the Du Boyce case now on appeal were all pending, another affidavit was filed with this court and which was signed and sworn to by both of these plaintiffs, and which reads in part as follows:

"In twenty months residence in St. Thomas Virgin Islands, I have been under arrest 13 months and 13 days, or 400 days, in jeopardy of my freedom and properties, being in complete ruin financially, medically, and irreparable damage to my right to earn a living. I have been denied all constitutional rights and subjected to a system of African tribal law and pure Communism combined with certain mental and physical tortures practiced only by Soviet Russia. As all officials are negroes and my official accusers are negroes of two or three families inbred, congenital, syphlitic, morons and criminals in most cases completely illiterate, this necessarily becomes a racial problem; so, I therefore pray the Third Circuit Court review all charges brought against me by the above named, and all lower and upper court matters in which my son and I have been involved."

When this court pointed out to the plaintiffs that contrary to their statement in the above affidavit that all of the defendants in this case are white, as well as both plaintiffs themselves, these plaintiffs could give no reason as to why this case is a race problem. Also, when the Court pointed out to them that, contrary to the affidavit, no record showed either of them to have spent either a day or any

part thereof in jail, they stated that while their civil complaint was pending they considered the time spent in waiting to be the same as being under arrest.

On September 15, 1956, these plaintiffs filed a paper which is headed "Motion for Postponement in Civil No. 96 - 1956." This paper simply states, concerning this action, "Pending Decision of Third Circuit Court of the United States Court of Appeals, No. 12,022." If this was intended as a motion for continuance, no hearing was ever asked and no ruling was ever made upon the same, and nothing has been shown to this court as to what, if any, connection it has with the Du Boyce cases pending on appeal. The plaintiffs did not appear, and no one appeared for them at the call of the docket on November 8, 1956. Nevertheless, when this matter was set for trial on November 8, 1956, this court, in order to give these plaintiffs every opportunity and notice, instructed the Clerk to write to each of them as follows:

"This is to notify you that on the calling of the docket for the November Session of the District Court today the case of Gloria Du Boyce, et al vs. Kruger & Birch, et al, Action for Damages, Civil No. 96–1956, was set for trial on Thursday, November 29, 1956, at 10 o'clock A.M.

"I have no record of any attorney having appeared for you in this matter. If you have employed counsel, as you told me you have done, please notify him at once so that notices of any and all preliminary motions may be properly served in accordance with law, and so that hearings on all such motions, together with a pre-trial conference to define the issues of law and fact, may be had at a date convenient to both sides and before the trial date.

"If you do not understand what is legally necessary to be done, please refer this letter to your attorney; and, if you have not employed counsel, I would suggest that you do so at once and give him this letter."

Thereafter, no arrangement was made by the plaintiffs, either for a pre-trial conference or for a hearing on the

motion. But on November 13, 1956, both plaintiffs filed a new "Motion for Postponement," stating that the transcript was late in the cases on appeal; therefore, it was impossible for their "lawyers" to prepare this case and, "This case cannot be heard until ruling of the Third Circuit Court of Appeals." No connection is shown between these statements. No hearing was sought, and no ruling was made upon this motion. But on November 21, 1956, each plaintiff separately filed another motion in which each stated, "I request that the Honorable Herman E. Moore disqualify himself under Federal Rules of Civil Procedure, as in prior actions demonstrated prejudice and hostility against me." Each affidavit then proceeded to recite the rulings in the Du Boyce cases on appeal to which they object, together with other rulings from the transcript of the cases on appeal, "edited" and taken out of context, together with extraneous additions thereto. The plaintiffs then endorsed thereon, notice that these were being sent to the following: Third Circuit Court of Appeals, Birch and Maduro; Kruger and Birch; Maas and Bailey; Senate Judiciary Committee; Congressional Committee on Insular Affairs, and the United States Department of Justice. Whether this notice to the Court, of sending these affidavits to the Department of Justice, the Court of Appeals, the Senate Judiciary Committee, and the House Committee on Insular Affairs was intended as a warning or threat to the Court, or is due only to a lack of knowledge of the proper procedure is not clear, but this court considers it to be a lack of knowledge of procedure. This court can certainly understand that lack of knowledge of procedure, since neither of the plaintiffs are lawyers, and neither of them know anything about rules of court or how to conduct their litigation in a legal manner; but the absolute refusal of all legal counsel is not understandable,

except on the basis that both plaintiffs lack the mental capacity to understand even their need therefor.

■ Since there are no Federal rules of civil procedure relating to the disqualification of the Judge of the District Court of the Virgin Islands, we can only assume that the plaintiffs have reference to section 144 of Title 28 of the United States Code. However, the courts have all held that this section of the United States Code is applicable only to constitutional judges within the United States. It is so clear that this section is applicable to the aforementioned, and not to territorial judges, that it is unnecessary to go into that question here. However, even if section 144 were applicable, these affidavits are clearly both untimely and insufficient, as well as lacking any certificate of counsel that they were made in good faith, and it would be the duty of this Court to deny the motion.

This Court should state here in passing, however, that it has no prejudice, hostility, or bias whatsoever, either against these plaintiffs or either of them, or in favor of any other party, and since there is no applicable statute, either Federal or local for disqualifying the Judge of the District Court of the Virgin Islands on the grounds of bias or prejudice, that if this court had even the slightest question or doubt of any prejudice, or bias, or hostility, whatsoever, against these plaintiffs, this court would disqualify itself on its own motion, or call a jury to make the decision, whichever was appropriate under the particular circumstance. But on the contrary, this court is concerned in behalf of these plaintiffs who are wasting their efforts, as well as their funds, for numerous affidavits, statements, typing, postage, and mailing; and are not properly conducting their litigation and will not obtain advice of counsel thereon. It is apparent to this court that they do not know how to conduct this litigation without counsel or guardian. This court would feel it to be its duty to ap-

point a guardian ad litem if circumstances permitted it, but as plaintiffs in this case, and under the circumstances, this court is of the opinion that it has no power to do so.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the within action be, and the same is dismissed, provided, however, that if the plaintiffs herein shall retain any attorney licensed to practice law in the Virgin Islands to represent them, generally, in this action, on or before January 15, 1957, and the said attorney shall file such general appearance in this case on or before January 15, 1957, then the matter may be reinstated, otherwise not.

It is further ORDERED, ADJUDGED AND DECREED that the plaintiff's motion to disqualify the Judge is hereby denied.

It is further ORDERED, ADJUDGED AND DECREED that the Clerk of the District Court shall have served a copy of this order upon each of the plaintiffs herein in order that it may operate as a notice to the plaintiffs herein; that unless such legal counsel, eligible to practice law in the Virgin Islands shall be retained, and his appearance filed on or within the time specified herein, to wit: January 15, 1957, that this action shall not be reinstated.